**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT D. NEVITT,<br><br>　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　　　Defendant. | CASE NO. ED CV 12-00579 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

　　　　　Plaintiff had a bad back, as reflected in the severe impairments found by the Administrative Law Judge: degenerative disc disease of both the cervical and lumbar spine, and status post diskectomy. [AR 33] Plaintiff's other impairments are not relevant to this appeal. The Administrative Law Judge found that Plaintiff could return to his past relevant work as a manager in the clothing manufacture vocation. [AR 43] The central issue presented by this appeal is *when* Plaintiff could so return.

　　　　　Plaintiff argues that the evidence showed that he was entitled to a closed period of disability, from the onset of his impairments through the recuperation time after his diskectomy. In this Court, Defendant argues that the Commissioner found that Plaintiff was disabled throughout the period from onset until decision. The Court does not find this argument persuasive.

Before his surgery, Plaintiff's physician found that the disk problems were quite serious. The doctor characterized Plaintiff's status as "totally disabled." [AR 577] That is, in fact, why the doctor recommended surgery. [*Id.*] Although it is true that the State Worker's Compensation disability scheme is not the same as the Social Security Disability scheme, still from such evidence one might conclude that Plaintiff, at the time of his surgery (and for some time preceding that) was unable to work. This doctor's assessment received a mention in the Administrative Law Judge's decision [AR 41], but the decision contained no evaluation of whether Plaintiff was disabled at that time.

The Administrative Law Judge relied heavily on the opinion of his medical expert to reach a decision that Plaintiff was not disabled. Yet, while the medical expert explained the records, he did not analyze them in such a way as to opine as to whether Plaintiff had been disabled for a 12-month period prior to the surgery. In this Court the Commissioner says that the expert's opinion covered the entire period from onset forward, but the Court can find no support for that statement. Under the circumstances, the matter should be remanded for assessment of this issue. *Cf. Howell v. Astrue*, 248 Fed.Appx 797, 2007 WL 2750201 (9th Cir. September 19, 2007).

This resolution of the matter makes moot Plaintiff's argument that his due process rights were violated when the Appeals Council sent notice that the record was ready to the wrong attorney, thereby preventing Plaintiff from making his arguments to the Appeals Council. The Court need not and does not rule on Plaintiff's other arguments, but the Administrative Law Judge may feel free to revisit them on remand.

IT IS SO ORDERED.

DATED: March 20, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE